FILED IN OPEN COURT
DATE: 5-13-25
TIME: 11:33 Am
INITIALS: mm

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>v/<br><br><br>JOSHUA PENAFLOR,<br><br>            Defendant. | )<br>)<br>)<br>)   Cr. No.<br>)<br>)<br>)<br>)<br>) |

## PLEA AGREEMENT

The parties herein, the defendant, Joshua Penaflor (hereinafter, Mr. Penaflor), being represented by Matt Gulotta, and the United States being represented by the United States Attorney for the Western District of Tennessee, enter into the following Plea Agreement.

1. Mr. Penaflor agrees to:

(a) waive his rights to indictment and trial by jury and all rights attached thereto;

(b) plead guilty to counts 1 and 2 of the information in this case which charges him with use of unauthorized access devices in violation of Title 18, United States Code, Section 1029(a)(2), and aggravated identity theft in violation of Title 18, United States Code, Section 1028A, respectively;

(c) waive his right to appeal any aspect of the sentence imposed if the total sentence of imprisonment imposed is within or below the sentencing guideline range as determined by the Court;

(d) waive any objections based on Fed. R. Evid. 410 to the use of any statements made by him in the course of the plea colloquy in any criminal prosecution;

(e) waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his right to challenge the voluntariness of his guilty plea either on direct appeal, or in any collateral attack including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

(f) pay restitution to any identifiable victims who suffered losses as a result of the criminal conduct which is the subject of this plea agreement including uncharged relevant conduct and conduct that is the subject of any dismissed counts with the understanding that any Court ordered schedule for restitution payments is merely a minimum payment obligation

and does not limit the methods by which the United States may immediately enforce the judgment in full;

(g) pay the $100 mandatory assessment to be imposed as to each count of conviction (total $200.00) pursuant to 18 U.S.C. § 3013 to the United States District Court Clerk following entry of his guilty plea, and to provide counsel for the United States with evidence of payment prior to sentencing;

(h) within twenty-one days of the entry of the plea, return a fully completed and executed Department of Justice Financial Disclosure statement under oath to the United States Attorney's Office ("USAO") and a release authorizing the USAO Financial Litigation Program to obtain Credit Reports

(i) not to engage in any criminal conduct following entry of his guilty plea; and,

(j) that he is pleading guilty freely and voluntarily, after having consulted with counsel, and because he is guilty.

2. The United States agrees:

(a) Not to pursue prosecution of Mr. Penaflor in connection with any other potential violations of federal criminal law arising out of the scheme to use stolen identities and debit card information to place sports wagering bets between 2022 and 2024, with the understanding that such conduct may be considered in calculating the applicable sentencing range under the relevant conduct provisions of the sentencing guidelines;

(b) to recommend that Mr. Penaflor receive the maximum applicable reduction for acceptance of responsibility provided that Mr. Penaflor complies with all of his obligations under the terms of this plea agreement; proof of any criminal conduct on the part of Mr. Penaflor between the time of execution of this agreement and sentencing shall be grounds for the government to withdraw from the agreement or to not recommend the maximum reduction for acceptance of responsibility;

(c) to recommend a sentence at the low end of the guideline range.

3. Mr. Penaflor acknowledges and understands that:

(a) except with respect to the agreement by the United States to recommend a sentence on the low end of the guideline range, he has not been promised a specific sentence;

(b) any estimate of the probable sentencing range he may have received from counsel, the government, or any other person/s, is a prediction not a promise and is not binding on the Court and that if the Court imposes a sentence greater than he expects, he will not be afforded an opportunity to withdraw his plea;

(c) the maximum possible penalty the Court may impose: as to Count 1 is a term of imprisonment of 10 years, a fine of $ 250,000, 3 years supervised release, and a

mandatory assessment of $100.00; as to Count 2 is a mandatory term of imprisonment of 2 years, a fine of $ 250,000, 1 year supervised release, and a mandatory assessment of $100.00.

(d)  any recommendations made by the United States under this agreement are not binding on the Court and that if the Court rejects any such recommendations he will not be allowed to withdraw his plea; and,

(e)  the United States will be relieved of all obligations and restrictions imposed by the terms of this agreement specifically, the United States will be free to use any prior statements that may have been made by Mr. Penaflor against him for any purpose, and will be free to seek the maximum sentence provided by law if:

    (1)   his plea of guilty is accepted and he later attempts to withdraw his plea for any reason other than the Court's rejection of the plea agreement;

    (2)   he engages in any new criminal conduct following entry of his guilty plea; or,

    (3)   he knowingly makes any false statements or testifies falsely at any future proceedings.

4. No threats have been made to induce Mr. Penaflor to plead guilty.

5. This Plea Agreement constitutes the entire agreement between the parties.


JOSEPH C. MURPHY, JR.
Interim United States Attorney

By: _____    Date 5/13/25
William C. Bateman III
Assistant United States Attorney

_____    Date 5/13/25
Matt Gulotta
Attorney for Defendant

_____    Date 5/13/25
Joshua Penaflor
Defendant

3